

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIA P. BARTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-019-A |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On December 30, 2011, the above-captioned action was initiated by Julia P. Barth against defendant JPMorgan Chase Bank, National Association, individually and as successor by merger to Chase Home Finance LLC, successor by merger to Chase

Manhattan Mortgage Corporation,[1] in the District Court of Tarrant County, Texas, 352nd Judicial District. By notice of removal filed January 6, 2012, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that where, as here, a plaintiff seeks declaratory or injunctive relief, the value of the object of the litigation constitutes the amount in controversy. Here, defendant claimed the property at issue had a fair market value of $297,500 according to the Tarrant Central Appraisal District. According to defendant, that amount, along with the unspecified damages sought by plaintiff in the state court petition, established the requisite amount in controversy.

Because of a concern that defendant had not provided the court with information that would enable the court to find the

---

[1] In the notice of removal JPMorgan Chase Bank explained that all three entities were incorrectly named individually as defendants in the state court petition, but that Chase Home Finance, LLC, and Chase Manhattan Mortgage Corporation are no longer existing entities capable of being sued. For purposes of this order, the court will refer to JPMorgan Chase Bank as the sole defendant.

2

existence of the requisite jurisdictional amount, the court on January 18, 2012, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita

---

[2] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

(continued...)

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

---

[2](...continued)
where such action is pending.

(emphasis added).

III.

The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff contended that in 2005, in conjunction with her purchase of the property at issue, she and her then-husband executed a deed of trust that listed Emerald Financial Ltd. as beneficiary. Emerald Financial Ltd. then assigned the deed of trust to defendant. However, due to several personal issues, including a divorce, plaintiff fell behind on her mortgage payments. Plaintiff then claims she received a series of letters from defendant and debt collectors representing defendant, all stating she was in arrears, but differing in the amounts allegedly owed. Plaintiff also claims she attempted to obtain a loan modification from defendant and a payoff amount so she could attempt refinancing elsewhere, but defendant was uncooperative. Although plaintiff seeks injunctive relief to prevent defendant from foreclosing on the property, she makes no claim that she is entitled to outright ownership of the property.

Defendant relies on arguments and authorities that have been made in this court on other occasions in similar cases, and which the court continues to find unpersuasive. Defendant relies in part on <u>Waller v. Professional Insurance Corporation</u>, 296 F.2d

545, 547-48 (5th Cir. 1961), and Nationstar Mortage LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), to support its contentions regarding the amount in controversy. The pertinent portion of Nationstar also relies on Waller. This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendant has failed to persuade the court otherwise.

As the court has explained more fully in other cases of a similar nature, determining the amount in controversy in a case where a plaintiff seeks to enjoin foreclosure of real property is not so simple as looking to the value of the property at issue. The proper measure of the amount in controversy is the value to the plaintiff of the requested relief. Garcia, 351 F.3d at 640 n.4. Even if the court were to prohibit further attempts by defendant to foreclose on the property as plaintiff requests, plaintiff would still be subject to the terms of the note and deed of trust. Thus, the value of the property itself does not

adequately represent the value to plaintiff of such an order.

To sum up, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 31, 2012.

JOHN MCBRYDE
United States District Judge